# COURT OF APPEALS
## DECISION
## DATED AND FILED

## May 24, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1731**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021FA592

**IN COURT OF APPEALS
DISTRICT II**

IN RE THE FINDING OF CONTEMPT IN:

IN RE THE MARRIAGE OF:

NICOLE HUIRAS,

    PETITIONER-RESPONDENT,

  V.

NATHAN HUIRAS,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Racine County: KRISTIN M. CAFFERTY, Judge. *Affirmed*.

¶1     GUNDRUM, P.J.[1] Nathan Huiras appeals from an order of the circuit court finding him in contempt for harassment of Nicole Huiras[2] in violation of court orders dated October 19, 2021, and July 1, 2022. Nathan asserts the court erroneously exercised its discretion with this finding. For the following reasons, we disagree and affirm.

## *Background*

¶2     As relevant, in this divorce case, the circuit court entered two orders prohibiting Nathan from harassing Nicole. The October 19, 2021 order ordered Nathan to contact Nicole only through Our Family Wizard and "not to harass [Nicole]." On May 27, 2022, Nicole filed a motion for contempt, asserting that Nathan violated the court's order by contacting her utilizing methods other than Our Family Wizard and by harassing her. The court granted the motion on July 1, 2022.[3] The court ordered that Nathan "shall have no contact with [Nicole] outside of Our Family Wizard. [Nathan] shall pay [Nicole]'s attorney's fees with regard to this motion for contempt. Future violation of this order shall subject [Nathan] to 30 days in the Racine County Jail for every event and a fine of $500 for each event." The court stayed the sanctions.

¶3     On September 21, 2022, Nicole sought an order lifting that stay. She asserted, as relevant here, that Nathan submitted a harassing Our Family Wizard

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(h) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Despite the informality, for simplicity's sake, we will hereafter refer to Nathan Huiras as "Nathan" and Nicole Huiras as "Nicole."

[3] We can locate no transcript in the record for this hearing. The order memorializing the circuit court's oral ruling was signed by the court on September 21, 2022.

2

message to her on August 29, 2022. The court agreed the message constituted harassment, lifted the stay and found Nathan in contempt, ordering him arrested and committing him to the county jail for thirty days. Nathan paid the $1,500 purge condition, also ordered by the court, and was released from custody. Nathan appeals.

### *Discussion*

¶4     We review de novo whether the circuit court followed proper procedures in exercising its contempt power. ***Evans v. Luebke***, 2003 WI App 207, ¶16, 267 Wis. 2d 596, 671 N.W.2d 304. "A circuit court's contempt decision is discretionary and will be affirmed if the court reached a reasonable decision after applying the proper legal standards to the relevant facts." ***Society Ins. v. Bodart***, 2012 WI App 75, ¶7, 343 Wis. 2d 418, 819 N.W.2d 298. Whether a contempt of court occurred is a question of fact, which we uphold unless it is clearly erroneous. ***Oliveto v. Circuit Ct. for Crawford Cnty.***, 194 Wis. 2d 418, 427, 533 N.W.2d 819, 823 (1995).

¶5     The circuit court lifted its earlier stay of contempt sanctions due to the August 29, 2022 Our Family Wizard message Nathan sent Nicole. In that message, Nathan indicates Nicole is "delusional," suggests she should be evaluated for a "personality disorder," which is causing her to be a "sociopathic and abusive" mother, blames her for causing an "attachment injury" which will result in "behavioral issues" in their children, accuses her of playing "abusive and damaging" games with the children's lives, and states that she is "living a lie." The court found that the Our Family Wizard message constituted harassment as defined in WIS. STAT. § 813.125(1)(am)4.b., i.e., "[e]ngaging in a course of

conduct or repeatedly committing acts which harass or intimidate another person and which serve no legitimate purpose."

¶6    Nathan cites numerous cases, but he fails to develop any argument as to how the cases would lead us to the conclusion that the circuit court erred in either finding him in contempt under WIS. STAT. § 785.03(1)(a) or in finding he committed harassment by the August 29, 2022 Our Family Wizard message to Nicole. His appeal fails for this reason alone, as we do not consider insufficiently developed arguments. *See **Industrial Risk Insurers v. American. Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("[W]e will not abandon our neutrality to develop arguments [for a party]".). While we recognize that Nathan is pro se, he is still required to abide by the same rules governing attorneys. *See **Waushara County v. Graf***, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). Furthermore, Nathan's precise position on appeal is difficult to decipher. It appears, however, that he is asserting that the court could only hold him in contempt pursuant to § 785.03(1)(b), involving punitive sanctions. A review of the record shows that the court here held him in contempt pursuant to § 785.03(1)(a), involving remedial sanctions, and Nathan fails to develop a sufficient argument to convince us the court erred in doing so.[4]

---

[4] WISCONSIN STAT. § 785.03(1)(b) involves the district attorney, attorney general or a special prosecutor "issuing a complaint"—something that was not done in the case now before us. The court's order here tracks the language of § 785.03(1)(a), as the contempt here, consistent with the language of this paragraph, was initiated by Nicole as "a person aggrieved by [Nathan's] contempt of court," who "s[ought] imposition of a remedial sanction for the contempt by filing a motion for that purpose in the proceeding to which the contempt is related."

(continued)

¶7 In July 2022, the circuit court found that Nathan had failed to comply with the October 2021 order not to harass Nicole, but it stayed the sanctions.[5] Then, with Nathan's August 29, 2022 posting on Our Family Wizard, the court agreed by its September 21 order to lift that stay to "ensure compliance with a prior order of the court"—i.e., to ensure Nathan stopped harassing Nicole. *See* WIS. STAT. § 785.04(1)(d). As the court made clear, after going through the history of the case and explaining in detail Nathan's conduct towards Nicole, it was Nathan's "behavior that has put you here," and he needed "consequences for your behavior" because it needed to stop and "the only thing that I can do is put you in custody." The court added:

> It is my belief that without further court intervention, [Nathan] is pushing to see how far he can go and I am pushing back. So I am lifting the stay of contempt. I am finding that this Our Family Wizard post that [Nathan] made on August 29, 2022, Exhibit B to the affidavit to lift the stay, is a violation of the court's order. I am going to order that [Nathan] have consequences for that."

¶8 Nathan's undeveloped contentions include his assertion that "harassment" requires "bodily harm" or a "true threat." "Harass," however, means "to worry and impede by repeated attacks, to vex, trouble or annoy continually or

---

The transcript from the September 21, 2022 hearing and the related signed order indicate the circuit court found Nathan in contempt because he "intentionally and without legal justification failed to comply with a court order," specifically by harassing Nicole "in violation of court orders dated 10/19/2021 and 7/1/2022," in which Nathan was directed not to harass Nicole. The court's September 21 order states that it is a "[r]emedial [s]anction[]," and the court ordered that for Nathan to purge the contempt and avoid the ordered thirty days in jail, he would have to pay $1,500 to "Attorney Jessica Grundburg Client Trust Account[]." The court explained at the related September 21 hearing that the payment would "go toward" Nicole's attorney's fees.

[5] In addition to the circuit court's October 2021 order prohibiting Nathan from harassing Nicole, WIS. STAT. § 767.117(1) also prohibits each party "in an action affecting the family," as here, "from … (a) [h]arassing … the other party."

chronically, to plague, bedevil or badger." ***Bachowski v. Salamone***, 139 Wis. 2d 397, 407, 407 N.W.2d 533 (1987) (citing *Harass*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1961)). Alternatively, harass means "to create an unpleasant or hostile situation for especially by uninvited and unwelcome verbal or physical conduct." *Harass*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/harass (last visited Apr. 14, 2023). We see no requirement of "bodily harm" or a "true threat." Considering the latter dictionary definition, Nicole writes that Nathan's August 29, 2022 message "create[s] an unpleasant or hostile situation for" her, and the circuit court agreed in light of prior harassing conduct by Nathan in this divorce case. Again, Nathan fails to sufficiently develop an argument that the circuit court erred in so concluding.

¶9     As the appellant, Nathan bears the burden on appeal to demonstrate how the circuit court erred. *See **Gaethke v. Pozder***, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. He has not met this burden.[6]

> *By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] In his appellate briefing, Nathan briefly requests many things of this court and makes many contentions without developing any related arguments. Thus, to the extent we have not addressed any particular "issue" he "raises" in his briefing, it is deemed denied. *See **State v. Waste Mgmt. of Wis., Inc.***, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).